# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON R. BORELLI,**

    Petitioner,

    v.         Case No. 09-C-1018

**WILLIAM POLLARD,**[1]

    Respondent.

## ORDER DENYING THE PETITIONER'S MOTION TO DISMISS

  On October 28, 2009, Jason R. Borelli ("Borelli"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 6, 2010, Chief Judge Charles N. Clevert, Jr. screened Borelli's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition within 60 days. (Docket No. 8.) Thereafter, the case was reassigned to this court upon the consent of the parties to the exercise of full jurisdiction of a magistrate judge.

  Following the respondent answering the petition, (Docket No. 18), Borelli filed a "Motion for Voluntary Dismissal Without Prejudice," (Docket No. 19). In this motion, Borelli stated he "would like to exercise his right to request a dismissal without prejudice, so that he can properly exhaust any and all still available State remedies; specifically a 974.06 Motion." (Docket No. 19.)

  In an ordinary case, a dismissal without prejudice means that litigant is free to re-file the case at a later date. However, in the context of state inmates petitioning the federal courts for a writ of habeas corpus, regardless of whether the federal court says that a dismissal of a petition is

---

[1] The docket indicates that the petitioner is now in custody at the Green Bay Correctional Institution. The warden of this institution is William Pollard. Therefore, in accordance with Rule 2(a) of the Rules Governing Section 2254 Cases, the Clerk shall amend the docket accordingly.

without prejudice, there may be certain procedural bars to an inmate re-filing the same petition. See, e.g., 28 U.S.C. § 2244(b) (limitation on second or successive petitions); 28 U.S.C. § 2244(d)(1) (one-year statute of limitations). Thus, if this court were to grant Borelli's motion to dismiss, even if the court were to say the dismissal is without prejudice, there will be no guarantee that Borelli will be able to re-file his present petition. Therefore, because this court is unable to provide the assurances Borelli requests, i.e. that he will be permitted to re-file a petition after exhausting his state court remedies, Borelli's present motion, (Docket No. 19), is hereby **denied**. If Borelli wishes to dismiss his present petition, Borelli shall submit a renewed motion to dismiss.

Implicit in Borelli's present petition is an acknowledgment that his petition is "mixed" in that it contains both exhausted and unexhausted claims. If a petition contains both exhausted and unexhausted claims, the federal court must deny the petition in its entirety. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 521 (1982).

A petitioner who realizes that his petition is mixed has generally four options. First, he can do nothing, at which point the court will determine whether the petition is, in fact, mixed. If the petition is mixed, it shall be denied. Second, the petitioner may move to voluntarily dismiss his petition whereby it will be uncertain if he will be able to re-file his petition at a later date. Third, the petitioner may attempt to meet the high standard of demonstrating that there was good cause for his failure to exhaust his state court remedies and thus persuade the federal court to stay the proceedings and hold his petition in abeyance as he exhausts state court remedies. See Rhines v. Weber, 544 U.S. 269, 277 (2005). If the court denies the request for stay and abeyance and thus the petition remains mixed, the court must then dismiss the petition. Fourth, the petitioner may move to amend his petition to strike his unexhausted claims and thus proceed with only his exhausted claims. In this scenario the petitioner will likely be forever barred from having a federal court

consider the merits of his unexhausted claims but a court will consider his exhausted claims. It is entirely up to the petitioner how he wishes to proceed.

Because more than 28 days have passed since the respondent answered the petition, (see Docket No. 16), technically, the pleadings on the petition are closed and the matter is ready for resolution. However, in light of Borelli's recent motion, the court shall provide the petitioner with an additional 28 days to reply to the respondent's answer or to otherwise inform the court how he wishes to proceed in this case. If nothing is filed by **December 6, 2010**, the court shall decide Borelli's petition based upon the pleadings currently submitted, including determining whether Borelli's petition is mixed.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 5th day of November 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
